THOMAS A. WOODS (SB #210050)
tawoods@stoel.com
BRIAN C. PARK (admitted pro hac vice)
BCPark@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA  95814
Telephone:  (916) 447-0700
Facsimile:  (916) 447-4781

Attorneys for Defendant
ORIGEN BIOMEDICAL, INC.

ANDREA M. MILLER (SB #88992)
amiller@nmlawfirm.com
NAGELEY, MEREDITH & MILLER, INC.
8801 Folsom Blvd., Suite 172
Sacramento, CA 95826
Telephone: (916) 386-8282
Facsimile: (916) 386-8952

JOANNA M. ESTY (SB #147903)
jmesty@majestylaw.com
MAJESTY LAW GROUP PLC
6080 Center Drive, 6th Floor
Los Angeles, CA 90045
Telephone: (310) 376-2512
Facsimile: (888) 618-0360

Attorneys for Plaintiff
THERMOGENESIS CORP.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| THERMOGENESIS CORP., <br><br> Plaintiff, <br><br> v. <br><br> ORIGEN BIOMEDICAL, INC., <br><br> Defendant. | No. 2:13-cv-02619-MCE-DAD <br><br> CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER |

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER
75614768.1 0053535-00001

2:13-CV-02619-MCE-DAD

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

In order to adequately protect material entitled to be kept confidential, to ensure that protection is afforded only to material so entitled, and to ensure that no competitive advantage is gained by the receiving party or any nonparty through such disclosure, the parties have stipulated and agreed to the provisions herein and so move the Court for entry of this Confidentiality Agreement and Stipulated Protective Order ("Order").

Good cause exists to protect the confidentiality of such information, as prejudice or harm to a Party may result if no protective order is granted. In particular, business competitors of Plaintiff or Defendant could obtain an unfair advantage and Plaintiff or Defendant could be economically prejudiced. The purpose of this Order is to protect the legitimately designated confidential business information to be produced in this action from public disclosure.

Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Order. The use or disclosure of confidential documents that the Parties to this Stipulated Protective Order or any third party produces or discloses in the above captioned case shall be subject to the terms of this Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

## 2.   DEFINITIONS

2.1.  Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2.  Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, electronic files, testimony, transcripts, written discovery responses, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER                    -1-                    2:13-CV-02619-MCE-DAD

75614768.1 0053535-00001

1    2.3. "Confidential" Information or Items: any and all discovery materials (regardless of

2  how generated, stored or maintained) including electronic files, documents, things, written

3  discovery responses, testimony, or other information derived therefrom of the producing party

4  that are and have been maintained in confidence, including, but not limited to trade secrets;

5  proprietary procedures, manuals, and policies; proprietary and confidential operations

6  information, including, but not limited to, agreements or specifications; internal business or

7  financial information, including, but not limited to, customer lists and sales information;

8  confidential agreements; and other proprietary, confidential, or information or documents that

9  are and have been maintained in confidence, that are designated as "Confidential" at the time of

10  their production or disclosure in this action or within ten (10) court days after this Order is

11  signed by the Court, or as otherwise provided herein.

12        (a)      "Confidential" Information or Items shall not include any document,

13  information or other material which:

14              1.      is, at the time of disclosure, in the public domain by publication or

15  otherwise;

16              2.      becomes at any time, through no act or failure to act on the part of

17  the recipient party, part of the public domain by lawful publication or other lawful act;

18              3.      is already in the possession of the receiving party at the time of

19  disclosure and was not acquired directly or indirectly from the disclosing party; or

20              4.      is or was made available to a party by a third party who obtained

21  the same by legal means and without any obligation of confidentiality to the party to this

22  litigation claiming its confidential nature.

23    2.4. "Confidential – Attorney's Eyes Only" Information or Items: any and all discovery

24  materials (regardless of how generated, stored or maintained) including electronic files,

25  documents, things, written discovery responses, testimony, or other information derived

26  therefrom of the producing party of a highly confidential and/or proprietary nature.  Such highly

27  confidential and/or proprietary information may include: (i) financial information, (ii) current

28  research and development efforts, (iii) products in development or not yet commercially

Stoel Rives LLP
Attorneys At Law
Sacramento

CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER              -2-                    2:13-CV-02619-MCE-DAD

75614768.1 0053535-00001

1   introduced, (iv) current business strategies, (v) the identity of customers and/or suppliers, (vi)

2   trade secrets, and/or (vii) any other material a party reasonably believes contains competitively

3   sensitive business or technical information.

4          (a)    "Confidential- Attorney's Only" Information or Items shall not include

5   any document, information or other material which:

6                1.    is, at the time of disclosure, in the public domain by publication or

7   otherwise;

8                2.    becomes at any time, through no act or failure to act on the part of

9   the recipient party, part of the public domain by lawful publication or other lawful act;

10                3.    is already in the possession of the receiving party at the time of

11   disclosure and was not acquired directly or indirectly from the disclosing party; or

12                4.    is or was made available to a party by a third party who obtained

13   the same by legal means and without any obligation of confidentiality to the party to this

14   litigation claiming its highly confidential nature.

15       2.5.  Receiving Party: a Party that receives Discovery Material from a Producing Party.

16       2.6.  Producing Party: a Party or non-party that produces Discovery Material in this

17   action.

18       2.7.  Designating Party: a Party or non-party that designates information or items that it

19   produces in disclosures or in responses to discovery as "Confidential" or as "Confidential –

20   Attorney's Eyes Only."

21       2.8.  Protected Material: any Discovery Material that is designated as "Confidential" or as

22   "Confidential – Attorney's Eyes Only."

23       2.9.  Counsel: attorneys who are retained to represent or advise a Party in this action (as

24   well as their support staffs).

25       2.10.  Expert: a person with specialized knowledge or experience in a matter pertinent to

26   the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

27   consultant in this action and who is not a past or a current employee of an adverse Party, a

28   present employee of a competitor of an adverse Party, and who, at the time of retention, is not

Stoel Rives LLP
Attorneys At Law
Sacramento

CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER

-3-

2:13-CV-02619-MCE-DAD

75614768.1 0053535-00001

1   anticipated to become an employee of an adverse Party or a competitor of an adverse Party.  This

2   definition includes a professional jury or trial consultant retained in connection with this

3   litigation.

4       2.11.  Professional Vendors: persons or entities that provide litigation support services

5   (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

6   storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

7       2.12.  The term "trade secrets" shall be defined in accordance with California Civil Code

8   § 3426.1 and shall include, *inter alia*, any information, including a formula, pattern, compilation,

9   program, device, method, technique, process, financial data, or list of actual or potential

10  customers or suppliers that:

11          (1)    Derives independent economic value, actual or potential, from not being

12  generally known to, and not being readily ascertainable by proper means by,  the public or other

13  persons who can obtain economic value from its disclosure or use; and

14          (2)    Is the subject of efforts that are reasonable under the circumstances to

15  maintain its secrecy.

16  **3.**    **SCOPE**

17      The protections conferred by this Stipulation and Order cover not only Protected Material

18  (as defined above), but also any information copied or extracted therefrom, as well as all copies,

19  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

20  parties or counsel to or in court or in other settings that actually reveal Protected Material.

21  **4.**    **DURATION**

22      The obligations of this Order shall survive the termination of the action and continue to

23  bind the parties, their counsel, experts, and anyone else who obtained Confidential or

24  Confidential – Attorney's Eyes Only information or items pursuant to this Order.  Unless

25  otherwise specified, the confidentiality obligations imposed by this Order shall remain in effect

26  until a Designating Party agrees otherwise in writing or a court order otherwise directs.

27  **5.**    **DESIGNATING PROTECTED MATERIAL**

28      5.1.  Exercise of Restraint and Care in Designating Material for Protection.  Each Party or

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER

-4-

2:13-CV-02619-MCE-DAD

75614768.1 0053535-00001

1   non-party that designates information or items for protection under this Order must take care to

2   limit any such designation to specific material that qualifies under the appropriate standards.  A

3   Designating Party must take care to designate for protection only those parts of material,

4   documents, items, or oral or written communications that qualify – so that other portions of the

5   material, documents, items, or communications for which protection is not warranted are not

6   swept unjustifiably within the ambit of this Order. Mass or indiscriminate designations are

7   prohibited. Designations that are shown to be clearly unjustified, or that have been made for an

8   improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to

9   impose unnecessary expenses and burdens on other parties), expose the Designating Party to

10  sanctions.  If it comes to a Party's or a non-party's attention that information or items that it

11  designated for protection do not qualify for protection at all, or do not qualify for the level of

12  protection initially asserted, that Party or non-party must promptly notify all other parties that it

13  is withdrawing the mistaken designation.

14      5.2.  Manner and Timing of Designations.  Except as otherwise provided in this Order

15  (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

16  material that qualifies for protection under this Order must be clearly so designated before the

17  material is disclosed or produced.  Designation in conformity with this Order requires:

18          (a)      for information in documentary form (apart from transcripts of depositions

19  or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential" or

20  "Confidential – Attorney's Eyes Only" conspicuously on each page that contains protected

21  material.  If only a portion or portions of the material on a page qualifies for protection, the

22  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

23  markings in the margins) and must specify, for each portion, the level of protection being

24  asserted (either "Confidential" or "Confidential – Attorney's Eyes Only").

25      A Party or non-party that makes original documents or materials available for inspection

26  need not designate them for protection until after the inspecting Party has indicated which

27  material it would like copied and produced.  During the inspection and before the designation, all

28  of the material made available for inspection shall be deemed "Confidential" but shall be viewed

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER                    -5-                    2:13-CV-02619-MCE-DAD

75614768.1 0053535-00001

1   only by a Receiving Party's outside counsel of record.  After the inspecting Party has identified

2   the documents it wants copied and produced, the Producing Party must determine which

3   documents, or portions thereof, qualify for protection under this Order, then, before producing

4   the specified documents, the Producing Party must affix the appropriate legend "Confidential" or

5   "Confidential – Attorney's Eyes Only" on each page that contains Protected Material.  If only a

6   portion or portions of the material on a page qualifies for protection, the Producing Party also

7   must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

8   margins).

9           (b)     for responses to Interrogatories, Requests for Admission, Demands for

10  Inspection, and Requests for Production containing Confidential information or items or

11  Confidential Attorney's Eyes Only information or items, the title page of the document

12  containing the responses shall be marked "Confidential" or "Confidential – Attorney's Eyes

13  Only."  In addition, the provisions of Section 5.2(a) apply to all such documents.

14          (c)     for testimony given in deposition or in other pretrial or trial proceedings,

15  that Designating Party, or if the Designating Party is not present the Party or non-party offering or

16  sponsoring the testimony, identify on the record before the close of the deposition, hearing, or

17  other proceeding, all protected testimony, and further specify any portions of the testimony that

18  qualify as "Confidential" or "Confidential – Attorney's Eyes Only."  When it is impractical to

19  identify separately each portion of testimony that is entitled to protection, and when it appears

20  that substantial portions of the testimony may qualify for protection, any Party may state on the

21  record which portions of the deposition include "Confidential" and/or "Confidential – Attorney's

22  Eyes Only" material.  In the alternative, to obtain protection under this Order, a Designating Party

23  may notify the opposing party in writing within ten (10) court days of the receipt of the transcript

24  of those portions of the testimony as to which protection is sought and to specify the level of

25  protection being asserted "Confidential" or "Confidential – Attorney's Eyes Only"), in which

26  case only those portions of the testimony that are appropriately designated for protection within

27  the ten (10) court days shall be covered by the provisions of this Stipulated Protective Order.

28  Until such time period passes, all parties shall treat the deposition transcript as Confidential if a

Stoel Rives LLP
Attorneys At Law
Sacramento

CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER            -6-                    2:13-CV-02619-MCE-DAD

75614768.1 0053535-00001

1   statement has been made on the record that the transcript contains Confidential material, or as

2   Confidential – Attorney's Eyes Only if a statement has been made on the record that the transcript

3   contains Confidential – Attorneys' Eyes Only material.   Transcript pages containing Protected

4   Material shall be separated from the non-confidential portions and shall be securely sealed in an

5   envelope by the court reporter.   Both the transcript and the envelope shall be marked

6   "CONFIDENTIAL UNDER PROTECTIVE ORDER."  The court reporter shall provide copies of

7   the confidential portion(s) of the deposition transcript only to the Counsel of the Parties to this

8   Stipulated Protective Order and to the testifying witness.

9            (d)      for information produced in some form other than documentary, and for

10   any other tangible items, that the Producing Party affix in a prominent place on the exterior of

11   the container or containers in which the information or item is stored the legend "Confidential"

12   or "Confidential – Attorney's Eyes Only."  If only portions of the information or item warrant

13   protection, the Producing Party, to the extent practicable, shall identify the protected portions,

14   specifying whether they qualify as "Confidential" or as "Confidential – Attorney's Eyes Only."

15        5.3.  Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

16   designate qualified information or items as "Confidential" or "Confidential – Attorney's Eyes

17   Only" does not, standing alone, waive the Designating Party's right to secure protection under

18   this Order for such material.  If material is appropriately designated as "Confidential" or

19   "Confidential – Attorney's Eyes Only" after the material was initially produced, the Receiving

20   Party, on timely notification of the designation, must make reasonable efforts to assure that the

21   material is treated in accordance with the provisions of this Order.

22   **6.**      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

23        6.1.  Timing of Challenges.  A Party does not waive its right to challenge a

24   confidentiality designation by electing not to mount a challenge promptly after the original

25   designation is disclosed.

26        6.2.  Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's

27   confidentiality designation must do so in good faith and must begin the process by conferring

28   directly (in voice to voice dialogue or by e-mail) with Counsel for the Designating Party.  For

Stoel Rives LLP
Attorneys At Law
Sacramento

CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER                 -7-                    2:13-CV-02619-MCE-DAD

75614768.1 0053535-00001

1  any designation of "Confidential – Attorney's Eyes Only," the Designating Party shall, within

2  five (5) court days following a request, provide the Party challenging the designation with a

3  written statement supporting its contention why disclosure to another Party or nonparty would

4  create a substantial risk of serious injury that could not be avoided by less restrictive means

5  including a designation as "Confidential."  If such statement is not timely provided, the material

6  will be automatically reclassified as "Confidential."  In conferring regarding "Confidential"

7  designations, the Designating Party must explain in writing, within ten (10) court days following

8  a request to justify a designation, the basis for its belief that the confidentiality designation was

9  proper or whether it will reconsider the circumstances and change the designation.  A

10 challenging Party may proceed to the next stage of the process only if it has engaged in this meet

11 and confer process first.

12       6.3.  Judicial Intervention.  A Party that elects to press a challenge to a confidentiality

13 designation after considering the justification offered by the Designating Party may file and

14 serve a motion, consistent with the requirements of Section 10 of this Protective Order, that

15 identifies the challenged material and sets forth in detail the basis for the challenge.  Each such

16 motion must be accompanied by a competent declaration that affirms that the movant has

17 complied with the meet and confer requirements imposed in the preceding paragraph and that

18 sets forth with specificity the justification for the confidentiality designation that was given by

19 the Designating Party in the meet and confer dialogue.

20       6.4.  The burden of persuasion in any such challenge proceeding shall be on the

21 Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

22 material in question the level of protection to which it is entitled under the Producing Party's

23 designation.

24 **7.       ACCESS TO AND USE OF PROTECTED MATERIAL**

25       7.1.  Basic Principles.  Any person subject to this Stipulated Protective Order and in

26 possession of Confidential Information or Confidential – Attorney's Eyes Only Information of

27 another party or non-party shall exercise reasonable and appropriate care with regard to the

28 storage, custody and use of Confidential Information and Confidential – Attorney's Eyes Only

Stoel Rives LLP
Attorneys At Law
Sacramento

CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER          -8-                    2:13-CV-02619-MCE-DAD

75614768.1 0053535-00001

1    Information in order to ensure that the confidential nature of the same is maintained.  A

2    Receiving Party may use Protected Material that is disclosed or produced by another Party or by

3    a non-party in connection with this case only for prosecuting, defending, or attempting to settle

4    this litigation, and not for any business purposes or in connection with any other litigation or

5    other judicial or administrative proceeding.  Such Protected Material may be disclosed only to

6    the categories of persons and under the conditions described in this Order.  When the litigation

7    has been terminated, a Receiving Party must comply with the provisions of Section 11, below

8    (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving

9    Party at a location and in a secure manner that ensures that access is limited to the persons

10   authorized under this Order.

11           7.2.  Disclosure of "Confidential" Information or Items.  Unless otherwise ordered by the

12   Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

13   information or item designated "Confidential" only to:

14           a.    Any outside legal counsel of record and any member of management

15   designated in writing by a Party to receive Confidential information.

16           b.    Court personnel, stenographic reporters, and videographers engaged in

17   proceedings incident to this litigation, including preparation for trial or trial;

18           c.    Clerical personnel and paralegal assistants employed by the legal counsel

19   or contracted by such firms; and

20           d.    Persons who, on the face of a document, either authored or received the

21   document.

22           e.    If a party to this Stipulated Protective Order seeks to have an expert(s)

23   receive Confidential Information or Confidential – Attorney's Eyes Only Information of another

24   party or non-party, the party shall nominate such  expert(s) to whom disclosure of Confidential

25   Information or Confidential – Attorney's Eyes Only Information may be made, as follows:

26           (i)    Each such nominee shall be particularly identified by written notice

27   to the attorneys of all parties.  Such notice shall include a brief description of the nominee's

28   purpose in being provided with the Confidential Information or Confidential – Attorney's Eyes

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER          -9-          2:13-CV-02619-MCE-DAD

75614768.1 0053535-00001

1  Only Information, the nominee's curriculum vitae, and a signed copy of the "Confidentiality

2  Undertaking" that is attached as Exhibit A.

3          (ii)     Within five (5) court days after receipt of such notice, any

4  undersigned party, for good cause, may oppose the nomination by serving a written objection to

5  the nomination.  Within ten (10) court days of sending the notice, the opposing party may file a

6  motion to preclude disclosure to the nominated expert.

7          (iii)    The party seeking the nomination shall not disclose any

8  Confidential Information or Confidential – Attorney's Eyes Only Information of the objecting

9  party to the nominee unless 1) the objecting party agrees in writing to the disclosure; 2) a Court

10  Order permits the disclosure; or 3) the time for an objecting party to serve a notice or a motion

11  under Section 7.2(f)(ii) has expired.

12          (iv)    Any person as may be hereafter qualified to receive Confidential

13  Information or Confidential – Attorney's Eyes Only Information, pursuant to paragraph 7.2(e)

14  above (1) shall not retain copies of such Confidential Information or Confidential – Attorney's

15  Eyes Only Information in tangible or machine readable form after termination of proceedings in

16  this litigation, shall not use such Confidential Information or Confidential – Attorney's Eyes Only

17  Information other than in connection with this case, and shall not disclose such Confidential

18  Information or Confidential – Attorney's Eyes Only Information to anyone not authorized under

19  this Stipulated Protective Order; and (2) must agree to be bound by the terms of this Stipulated

20  Protective Order by executing Exhibit A attached hereto.

21      7.3.  Disclosure of  "Confidential – Attorney's Eyes Only" Information or Items.  Unless

22  otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving

23  Party may disclose any information or item designated "Confidential – Attorney's Eyes Only"

24  only to those legal counsel and individuals authorized to access Confidential Information under

25  Section 7.2(a) - (d), with the exception of management for either Party designated in section

26  7.2(a) above.

27      7.4.  Nothing contained herein shall prevent the use of the Confidential Information or

28  Confidential – Attorney's Eyes Only Information of another party at any hearing, trial or

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER                -10-                2:13-CV-02619-MCE-DAD

75614768.1 0053535-00001

1    proceeding in this case, or in or with any written submissions to the Court in connection with this

2    litigation, or any appeal relating thereto, provided that the parties to this Stipulated Protective

3    Order shall take appropriate measures to maintain their confidentiality, including filing under

4    seal written submissions to the Court that include such Confidential Information or Confidential

5    – Attorney's Eyes Only Information. The parties to this Stipulated Protective Order shall make

6    reasonable efforts to minimize filings under seal and shall place Confidential Information or

7    Confidential – Attorney's Eyes Only Information only in attachments whenever possible.

8         7.5.  When Confidential Information or Confidential – Attorney's Eyes Only Information

9    of another party to this Stipulated Protective Order is discussed, quoted or referred to in any

10   deposition, the Parties shall cooperate to ensure that only persons qualified to have access are

11   present.

12        7.6.  Nothing herein shall preclude a party from using its own Confidential or

13   Confidential – Attorney's Eyes Only information or items in any manner.

14        7.7.  Competitive Decision-Making Bar.  Protected Material under this Protective Order

15   shall be used by Receiving Parties solely for the preparation and trial of this Action (including

16   appeals and retrials, if any) and Protected Material shall not be used for any other purpose.

17           a.  Absent written consent from the Designating Party, any individual who

18   receives or desires to receive access to any Party's Confidential - Attorneys' Eyes Only

19   Information in this action, shall not be involved in competitive decision making (as defined in

20   *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984)) for the Receiving

21   Party.

22           b.  The competitive decision making bar herein shall commence when

23   Confidential - Attorneys' Eyes Only Information is first received by the affected individual and

24   shall end one (1) year after final termination of this litigation (including appeals and retrials, if

25   any).

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER
75614768.1 0053535-00001

-11-

2:13-CV-02619-MCE-DAD

**8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Confidential – Attorney's Eyes Only," the Receiving Party must so notify the Designating Party, in writing (by fax or e-mail, if possible) as soon as practicable, and each party will use its best efforts to provide this notice within five (5) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must make reasonable efforts to inform in writing promptly the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Exhibit A.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER                -12-                    2:13-CV-02619-MCE-DAD

75614768.1 0053535-00001

**10.     FILING PROTECTED MATERIAL**

A Receiving Party may not file in the public record in this action any Protected Material without complying with the rules of Court regarding lodging or filing material under seal.  Each Party agrees not to oppose any motion to seal Protected Material, except and only to the extent that a Party has previously challenged, in any manner, the designation of the Protected Material which is the subject of the motion to seal.

**11.     FINAL DISPOSITION**

11.1.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) court days after the final termination of this action and upon demand, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

11.2.  Patent Prosecution Bar.  Any attorney who, on behalf of a Receiving Party, reviews any "Confidential" or "Confidential – Attorney's Eyes Only" information or items shall not thereafter prosecute or file, on behalf of any party, or any other client, for one (1) year after final termination of this litigation (including appeals, if any) any U.S. or foreign patent application that claims, discloses, or describes the subject matter of the Protected Material of the Producing

Stoel Rives LLP
Attorneys At Law
Sacramento

CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER                -13-                              2:13-CV-02619-MCE-DAD

75614768.1 0053535-00001

1  Party disclosed in any "Confidential" or "Confidential – Attorney's Eyes Only" materials, as

2  defined in Sections 2.3(a) and 2.4(a).  For purposes of this Section 11.2, prohibited patent

3  prosecution shall include, without limitation: preparation of and/or amendments to original,

4  continuation, divisional, continuation-in-part, request for continued examination, reexamination,

5  reissue, *inter partes* review, post-grant proceedings, substitute, renewal  or convention patent

6  applications; claims drafting; or consultation on any of the above matters with others performing

7  these activities.

8  **12.   <u>MISCELLANEOUS</u>**

9      12.1.  Nothing herein shall prevent disclosure if each party designating information as

10  "Confidential" or "Confidential – Attorney's Eyes Only" consents in writing to such disclosure.

11      12.2.  General disclosures of information shall not be deemed to place more specific

12  disclosures of information concerning the same subject into the public domain.

13      12.3.  Right to Further Relief.  Nothing in this Order abridges the right of any person to

14  seek its modification by the Court in the future.

15      12.4.  Right to Assert Other Objections.  By stipulating to the entry of this Protective

16  Order, no Party waives any right it otherwise would have to object to disclosing or producing

17  any information or item on any ground not addressed in this Stipulated Protective Order.

18  Similarly, no Party waives any right to object on any ground to use in evidence any of the

19  material covered by this Protective Order.  This Stipulated Protective Order is not intended to

20  deal with any discovery objections on the grounds of relevancy, attorney-client privilege or work

21  product, or other evidentiary grounds, or to preclude any party to this Stipulated Protective Order

22  from seeking relief either from a provision of this Stipulated Protective Order or any other relief

23  from this Court which may be appropriate under the Federal Rules of Civil Procedure or the

24  Federal Rules of Evidence.  In the event that information is redacted and/or withheld from

25  disclosure, the party requesting the information may move for an Order compelling further

26  disclosure of the redacted and/or withheld information.  Upon written request by the moving

27  party during a motion to compel, an unredacted copy of the information sought shall be lodged

28  with the Court, under seal, for an *in camera* inspection by the Court.

Stoel Rives LLP
Attorneys At Law
Sacramento

CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER                     -14-                      2:13-CV-02619-MCE-DAD

75614768.1 0053535-00001

12.5.  This Stipulated Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties hereto without involving the Court unnecessarily in the process.  Nothing in this Stipulated Protective Order (or the production of any information of documents under the terms of this Order) shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

12.6.  Nothing in this Stipulated Protective Order shall disqualify, bar, or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course thereof referring or relying generally upon his or her examination of documents, items, or information designated "Confidential" or "Confidential – Attorney's Eyes Only"; provided, however, that in rendering such advice and in otherwise communicating with his or her clients, the attorney shall not disclose the contents of such information or documents contrary to the terms of this Stipulated Protective Order.

12.7.  The Parties to this Stipulated Protective Order and their Counsel agree to be bound by the terms of this Stipulated Protective Order as soon as they sign this document, irrespective of when the Court actually signs it.

**13.     NON-WAIVER OF PRIVILEGE OR WORK PRODUCT (FED. R. EVID. 502(d))**

13.1.  The disclosure, through inadvertence, mistake, accident, or other error, by one party to another of the substance of any document or communication entitled to protection under the attorney-client privilege and/or the attorney work-product doctrine shall not constitute a waiver of such protection as to the subject matter of those, or related, documents or communications.  If during the discovery process in this case either party mistakenly produces a document entitled to protection under the attorney-client privilege or the attorney work-product doctrine, the Producing Party may, at any time prior to the commencement of trial, but in any event not more than fifteen (15) court days after the disclosure is first identified as containing potentially privileged or work product information, marked as a deposition exhibit, or identified as a potential trial exhibit, request the return or destruction of the document and all copies

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER

-15-

2:13-CV-02619-MCE-DAD

75614768.1 0053535-00001

1    thereof.  Such a request must be made in writing and must identify the basis for the privilege or

2    work product claimed.

3          13.2.  In the case of documents, if the Receiving Party agrees that it is privileged or work

4    product (without regard to its production), then the document and all copies shall promptly be

5    returned to the Producing Party or destroyed, and no reference to such document shall be made

6    in connection with the proof of the facts in this dispute.  If the Receiving Party does not agree

7    that the document was privileged, then it shall so notify the Producing Party in writing within ten

8    (10) court days of receiving written notice of the asserted privilege or work product protection.

9    In such event, the Producing Party may move the Court to resolve the question.  Unless the

10   parties otherwise agree in writing, any such motion must be made within fifteen (15) court days

11   of receiving notification that the Receiving Party disputes the claim of privilege or work product.

12          a.    If the Court rules that the document is protected (without regard to the fact

13   of production), then the Receiving Party shall promptly return the document and all known

14   copies to the Producing Party (except that counsel of record may retain copies as needed for the

15   sole purpose of seeking reconsideration or appellate review of the Court's ruling on the question

16   of privilege or work product) and shall make no reference to the document in connection with the

17   proof of the facts in this case.

18          b.    If the Court rules that the document is not protected (without regard to the

19   fact of production), then the Receiving Party may retain the document pursuant to the terms of

20   this Protective Order, subject to the designation of the document by the Producing Party under

21   Section 5.3 hereof.

22   DATED:  February 19, 2014

23                                        STOEL RIVES LLP

24

25                                        By: /s/ Thomas A. Woods
                                             _____
26                                           THOMAS A. WOODS
                                             Attorneys for Defendant
27                                           ORIGEN BIOMEDICAL, INC.

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER          -16-                    2:13-CV-02619-MCE-DAD

75614768.1 0053535-00001

1

DATED:  February 19, 2014

2

MAJESTY LAW GROUP PLC

3

4

5
By: /s/ JoAnna M. Esty
(as authorized on 2/3/14)
JOANNA M. ESTY
Attorneys for Plaintiff
THERMOGENESIS CORP.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER

-17-

2:13-CV-02619-MCE-DAD

75614768.1 0053535-00001

<u>ORDER</u>

Pursuant to the parties' stipulation, **IT IS SO ORDERED.**[1]

Dated:  February 25, 2014

_DALE A. DROZD_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil
thermogenesis2619.stip.prot.ord.docx

---

[1]  The parties stipulated protective order provides that a party will not file any Protected Material without complying with the Local Rules of this court regarding lodging or filing material under seal.  The parties are directed to refer to Local Rules 141 and 141.1 in the event any party wishes to file any materials under seal.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER          -18-                    2:13-CV-02619-MCE-DAD

75614768.1 0053535-00001

THOMAS A. WOODS (SB #210050)
tawoods@stoel.com
BRIAN C. PARK (admitted pro hac vice)
BCPark@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA  95814
Telephone:  (916) 447-0700
Facsimile:  (916) 447-4781

Attorneys for Defendant
ORIGEN BIOMEDICAL, INC.

ANDREA M. MILLER (SB #88992)
amiller@nmlawfirm.com
NAGELEY, MEREDITH & MILLER, INC.
8801 Folsom Blvd., Suite 172
Sacramento, CA 95826
Telephone: (916) 386-8282
Facsimile: (916) 386-8952

JOANNA M. ESTY (SB #147903)
jmesty@majestylaw.com
MAJESTY LAW GROUP PLC
6080 Center Drive, 6th Floor
Los Angeles, CA 90045
Telephone: (310) 376-2512
Facsimile: (888) 618-0360

Attorneys for Plaintiff
THERMOGENESIS CORP.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| THERMOGENESIS CORP., | Case No. 2:13-CV-02619-MCE-DAD |
| Plaintiff, | CONFIDENTIALITY UNDERTAKING |
| v. | Honorable Judge Morrison C. England, Jr. |
| ORIGEN BIOMEDICAL, INC., | |
| Defendant. | |

I, _____, declare that:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____

_____.

4.    I have carefully read and received a copy of the Protective Order entered in this action on _____ ___, 2014.

5.    I hereby agree, under penalty of contempt of court, to be bound by and comply with the terms of the Protective Order and not to disseminate or disclose any information contained in the Protective Order, which I either review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

6.    I will return all confidential material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

7.    I further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

EXECUTED this _____ day of _____, 2014.


_____
*(Signature)*


_____
(Typed Name)