UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERMOGENESIS CORP., | No. 2:13-cv-02619-MCE-DAD |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| ORIGEN BIOMEDICAL, INC., | |
| Defendant. | |

There are two motions presently before the Court: Defendant Origen Biomedical, Inc. ("Defendant") has filed both a Motion to Dismiss (ECF No. 28) and a Renewed Motion to Stay (ECF No. 82). The latter seeks a stay of this patent infringement case pending resolution of ex parte reexamination proceedings currently before the United States Patent and Trademark Office ("PTO"). For the reasons that follow, Defendant's Motion to Stay is granted and Defendant's Motion to Dismiss is denied without prejudice.[1]

///
///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

# BACKGROUND

Plaintiff Thermogenesis Corp. ("Plaintiff") alleges that Defendant infringed two of Plaintiff's patents, specifically U.S. Patent Nos. 6,491,678 ("the '678 Patent") and 6,232,115 ("the '115 Patent") (collectively, "the patents-in-suit").[2]

On March 11, 2014, Defendant requested that the PTO reexamine Claims 1-4, 6, and 7 of the '678 Patent, based on a combination of prior art references. The PTO granted Defendant's request for reexamination on April 4, 2014. On August 5, 2014, the PTO determined that each of the challenged claims of the '678 Patent were invalid based on the references that Defendant had submitted. Plaintiff challenged that determination. On December 2, 2014, the PTO issued a Final Office Action that concluded each of the challenged claims of the '678 Patent were invalid as obvious over a combination of prior art references and thus void ab initio. Plaintiff has the right to appeal the Final Office Action to the PTO's Patent Trial and Appeals Board and the United States Court of Appeals for the Federal Circuit.

On September 25, 2014, Defendant requested that the PTO reexamine all twenty-three claims of the '115 Patent based on prior art. The PTO granted Defendant's request for reexamination on October 24, 2014. Just as it did with the claims of '678 Patent, the PTO will ultimately rule on whether the claims of the '115 Patent are valid, and Plaintiff will have the right to appeal that determination.

///
///
///
///
///
///

---

[2] The Court's September 29, 2014 Order, which denied Plaintiff's Motion for Preliminary Injunction, provides a more thorough explanation of the patents-in-suit. See ECF No. 68 at 2-3.

# ANALYSIS

### A. MOTION TO STAY

> "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted). While courts are not required to stay judicial proceedings pending re-examination of a patent, a stay for purposes of re-examination is within the district court's discretion. See, e.g., Patlex Corp. v. Mossinghoff, 758 F.2d 594, 603 (Fed. Cir. 1985). . . . [T]here is "a liberal policy in favor of granting motions to stay proceedings pending the outcome" of re-examination or re-issuance proceedings, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery. ASCII Corp. v. STD Entm't USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).
>
> In determining whether to stay this case pending re-examination, the Court considers the following factors:  (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. In re Cygnus [Telecomms. Tech.], 385 F. Supp. 2d [1022,] 1023 [(N.D. Cal. 2005)].

Telemac Corp. v. Teledigital, Inc., 450 F. Supp.2d 1107, 1110-11 (N.D. Cal. 2006).  As explained below, the Court finds that each of the three factors weighs in favor of granting the stay.

### 1. Stage of Proceedings

Plaintiff does not dispute that the Court has neither issued a discovery and scheduling order nor set a date for trial.  Nevertheless, Plaintiff argues that the first factor weighs against granting the stay because discovery is "substantially complete."  Pl.'s Opp'n, Dec. 4, 2014, ECF No. 88 at 13.  Defendant counters that "[a]part from limited, expedited discovery for the preliminary injunction motion, there is much discovery and deposition practice to come."  Def.'s Reply, Dec. 12, 2014, ECF No. 90 at 7.

Although some discovery has taken place, it appears to have been limited to resolving Plaintiff's Motion for Preliminary Injunction.  Because the parties have not

completed discovery and the Court has not set a trial date, the first factor weighs in favor of granting the stay.

## 2. Simplification

The second factor also weighs in favor of granting the stay.  As Defendant explains:  if the PTO's December 2, 2014 Final Office Action—which rejected all challenged claims of the '678 Patent—is upheld on appeal, those claims will be void and will no longer be a part of this case; if, on the other hand, the Final Office Action is not upheld, the Court will have the benefit of the PTO's analysis in resolving any issues remaining after the completion of the reexamination.  Def.'s Reply at 8-9.  The same rationale applies to the PTO's resolution of the claims of the '115 Patent, and Defendant's arguments are consistent with the case law.  See Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."); Pac. Bioscience Labs., Inc. v. Pretika Corp., 760 F. Supp. 2d 1061, 1064 (W.D. Wash. 2011) ("Stays have been granted in numerous cases where reexamination would likely simplify, but not eliminate, all issues in the litigation."); AT&T Intellectual Prop. I v. TiVo, Inc., 774 F. Supp. 2d 1049, 1053 (N.D. Cal. 2011) ("There are no issues in the case unrelated to patent infringement for which the PTO's expertise resulting from the reexamination would not be helpful."); Brass Smith, LLC v. Advanced Design Mfg. LLC, 2010 WL 5363808 at *1 (C.D. Cal. 2010) ("Cancellation of some or all of the claims would obviously streamline or end the litigation.  Alteration of the claims could change the case in ways that would foster settlement or simplify the case.").

Because the PTO reexamination proceedings will have a significant impact on the issues in this case, the Court finds that the second factor weighs in favor of granting the stay.

///

### 3. Undue Prejudice

The third and final factor also weighs in favor of granting the stay. Plaintiff advances three arguments with respect to undue prejudice. First, Plaintiff argues that Defendant is a direct competitor, and that courts "are generally reluctant to stay proceedings where the parties are direct competitors." Pl.'s Opp'n at 10 (quoting Market-Alerts, Pty. Ltd v. Bloomberg Fin L.P., 922 F. Supp. 2d 486, 495 (D. Del. 2013). Second, Plaintiff argues that a stay would be unduly prejudicial because it would "effectively prevent [Plaintiff] from enforcing its patent rights for several more years." Id. at 11. Third, Plaintiff argues that a stay would be unduly prejudicial because "when a case is stayed, witnesses may become unavailable, their memories may fade, and evidence may be lost while the USPTO proceedings take place." Id. at 11-12.

Plaintiff's arguments are not persuasive. Even if the Court did not stay this case, Defendant would not be enjoined from continuing to conduct business during litigation, as the Court has already denied Plaintiff's Motion for a Preliminary Injunction. See ECF No. 68. Furthermore, "[d]elay by itself does not necessarily constitute undue prejudice, as nearly every judicial stay involves delay." Interwoven, Inc. v. Vertical Computer Sys., Inc., No. C10-04645 RS, 2012 WL 761692, at *3 (N.D. Cal. Mar. 8, 2012); see also Telemac Corp., 450 F. Supp.2d at 1111 ("[T]he likely length of reexamination is not, in itself, evidence of undue prejudice . . .").

Accordingly, the third factor weighs in favor of granting the stay.

Because all three factors weigh in favor of granting the stay pending conclusion of the PTO's reexamination proceedings, Defendant's Motion to Stay is granted.

### B. MOTION TO DISMISS

The Court's decision to exercise its discretion and stay this case pending resolution of the ex parte reexamination proceedings before the PTO renders Defendant's Motion to Dismiss moot. Accordingly, the Motion to Dismiss is denied without prejudice.

///

**CONCLUSION**

For the reasons stated above, Defendant's Renewed Motion to Stay (ECF No. 82) is GRANTED, and Defendant's Motion to Dismiss (ECF No. 28) is DENIED WITHOUT PREJUDICE.  This action is STAYED until ordered otherwise; within six months of the date of this order or within twenty days following the conclusion of the PTO reexamination proceedings (including any appeals), whichever is sooner, the parties shall file a joint status report describing the status of the case, and if warranted, requesting that the court lift the stay.

IT IS SO ORDERED.

Dated:  March 19, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT